# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| STEPHEN SNOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:18-cv-00127-PPS-MGG |
| | ) | |
| FOREST RIVER, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Plaintiff, Stephen Snow, purchased an RV that he says is a complete dud. Among other problems, it dumped "potty water" (Snow's term, not mine), covered him in his own "poop" on one occasion, and had a whole host of other problems. The RV was manufactured by defendant Forest River, and was sold by defendant, William Colaw and his company Colaw RV Parts. The present motion to dismiss [DE 19] is brought by Forest River as to all claims brought against it. Several counts of the amended complaint are not implicated by the motion because they are brought only against Colaw and his company.

The first amended complaint brings several causes of action against Forest River, which while titled negligence, breach of contract, and revocation of acceptance, are all really based upon an alleged breach of Forest River's limited warranty. Because Snow did not bring a timely warranty action against Forest River, and revocation of acceptance is not a viable remedy, Snow has failed to state a claim of action against

Forest River. For the reasons detailed below, the motion [DE 19] will be GRANTED as to all claims brought against Forest River — Count 3 (negligence and negligent misrepresentation), Count 4 (breach of contract), Count 5 (negligent repair), and Count 6 (revocation of acceptance), and these claims are DISMISSED WITH PREJUDICE as to Defendant Forest River. The claims against William Colaw, individually and doing business as Colaw RV Parts, will remain pending.

**Factual Background**

Snow filed an initial complaint in this case on February 20, 2018, alleging violation of the Magnuson-Moss Warranty Act, breach of express warranties and/or contract, and breach of implied warranties. [DE 1.] In response to Forest River's motion to dismiss based on untimeliness, Snow filed a motion for leave to file an amended complaint. [DE 11.] The Magistrate Judge granted him leave to file by June 6, 2018, and Snow filed his amended complaint a few days late, on June 12, 2018. [DE 12.] The amended complaint drops any reference to the Magnuson-Moss Act and instead is based entirely on violations of state law. The purported ground for jurisdiction is diversity of citizenship, and I recently found jurisdiction proper in this case. [DE 27.]

In looking at the facts as they are alleged in the amended complaint, I accept them as true for now. Snow purchased a new 2016 Primetime Spartan RV on March 5, 2016. [Am. Compl. ¶ 7.] The total cost was approximately $64,000. The purchase included express and limited warranties offered by Forest River, and the warranties "were part of the basis of bargain of Plaintiff's contract for purchase of the [RV]." [*Id.*

¶¶9-13.] The amended complaint states: "[u]pon information and belief, FOREST RIVER's limited warranty is for a period of one (1) year but also states that '(n)o action to enforce express or limited warranties shall be commenced later than ninety (90) days after expiration of the warranty period.'" [*Id.* ¶ 27.] Snow also discusses implied warranties and express warranties, and alleges that when delivered, the RV was defective, such defects being discovered within the warranty periods. [*Id.* at 3-4.]

Snow describes problems with the jacks and automatic leveling system, pipes, sound system, decals, the roof leaking, and the RV expelling "poop" and "potty water." [*Id.* at 4-8.] Although Snow got his RV serviced multiple times from defendants and other authorized warranty service dealers, he alleges that the more significant and dangerous conditions were not repaired, it was not brought "into conformity with the warranties," and the defects impaired the RV's use, value and safety. [*Id.* at 7-8.] Ultimately, Snow told the defendants he wanted a rescission of the sale, but they refused to buy back his RV. [*Id.* at 8.]

### Discussion

Forest River has moved to dismiss all the claims against it in the amended complaint under Federal Rule of Civil Procedure 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as

true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. Snow must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Snow does not attach the warranty to the complaint or amended complaint, but Forest River does attach it as an exhibit to its memorandum in support of dismissal, and I will consider it. [DE 20-1.] The Seventh Circuit has held that a motion under Rule 12(b)(6) can be based upon critical documents that are referred to in the complaint without converting the motion into one for summary judgment. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012); *see also 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) ("documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.") (quotation and citation omitted). This exception is specifically "aimed at cases interpreting, for example, a contract," like the case before me now. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir 1998).

**A.    Choice of Law**

As a preliminary matter, I must consider what law applies in this case. Neither party discusses this. Forest River quotes both Indiana and Missouri law and Snow,

4

aside from the federal pleading standard, cites no case law whatsoever.

Forest River is an Indiana corporation authorized to do business in Indiana, with its principal place of business in Elkhart, Indiana. [Am. Compl. ¶ 2.] Snow is a citizen of Tennessee [*Id.*] and Willliam K. Colaw, individually and doing business as Colaw RV Parts ("Colaw RV Parts"), is a Missouri business with its principal place of business in Carthage, Missouri. [*Id.* ¶ 3.] Snow purchased the RV in Missouri. [*Id.* ¶14.]

Because there is diversity jurisdiction, I must follow Indiana substantive law, including the state of Indiana's rules as to conflicts of law and choice of law. *Ruckman v. Pinecrest Marina, Inc.*, 367 F. Supp. 25, 26 (N.D. Ind. 1973). Under Indiana law, statutes of limitation are procedural (not substantive), and are not subject to parties' choice of law disputes. *See Autocephalous Greek-Orthodox Church of Cyprus v. Goldberg & Feldman Fine Arts Inc.*, 717 F. Supp. 1374, 1385 (S.D. Ind. 1989) ("Because in Indiana statutes of limitations are procedural in nature, Indiana choice-of-law rules state that the statute of limitations of the forum state, Indiana, will apply."). So I know that the Indiana statute of limitations will apply. But the next part is trickier.

Regarding the meat of the breach of contract claims, if the parties did not make an effective choice of law, Indiana subscribes to the Second Restatement of Contracts. *Travelers Indem. Co. v. Summit Corp. of America*, 715 N.E.2d 926, 931 (Ind. Ct. App. 1999); *see also General Motors Corp. v. Northrop Corp.*, 685 N.E.2d 127, 145-35 (Ind. Ct. App. 1997) ("Contractual disputes brought in Indiana courts are governed by the law of the forum with the most intimate contacts with the facts."). As with contracts, Indiana subscribes

to the Second Restatement of Conflicts concerning torts, but also initially favors the law of the state in which a tort occurred. *See Hubbard Mfg. Co., Inc. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987); *Cap Gemini America, Inc. v. Judd*, 597 N.E.2d 1272, 1281-82 (Ind. Ct. App. 1992).

Aside from the statute of limitations which is prescribed by Indiana law, there is a possibility that either Indiana or Missouri substantive law could govern the underlying claims at issue. As detailed below, because there is no real conflict between the applicable laws of Indiana and Missouri, it is not necessary to apply Indiana's choice of law rules.

**B.      Repackaging of Negligence Claims**

Forest River first argues that Snow's attempt to repackage his breach of warranty claims into tort claims (negligence) fails. Snow does not address this argument, merely stating it "provided sufficient notice to the Defendant, Forest River, Inc. of all of Plaintiff's claims" and then listing the factual allegations in the amended complaint. [DE 21 at 3-7.] But lack of notice is not Forest River's argument — it contends that the first amended complaint is time barred by the limited warranty, upon which all the claims are actually based.

First, I agree with Forest River that Snow has improperly tried to hide his warranty claims under the title of "negligence" in Counts 3 and 5. As Judge DeGuilio recently noted in a case where Forest River was the plaintiff, "Indiana does not recognize a tort claim for breach of contract nor does it allow parties to circumvent that

6

rule by repackaging a breach of contract as a tort." *Forest River Mfg., LLC v. Lexmark Enterprise Software*, No. 3:16-cv-449 JD, 2017 WL 1906164, at *2 (N.D. Ind. May 9, 2017) (citing *Bayview Loan Servicing, LLC v. Golden Foods, Inc.*, 59 N.E.3d 1056, 1068 (Ind. Ct. App. 2016) ("[A] party may not restyle a breach-of-contract claim as a tort simply to obtain additional damages.")). Tort law should not interfere where the source of a party's duty to another arises from a contract. *JPMCC 2006-CIBC14 East Parkway, LLC v. DBL Axel, LLC*, 977 N.E.2d 354, 364 (Ind. Ct. App. 2012). The same is true if applying Missouri law. *See Sakabu v. Regency Constr. Co.,Inc.*, 392 S.W.3d 494, 499 (Mo. Ct. App. 2012) ("mere breach of contract does not provide a basis for liability in tort.") (citation omitted). Here, Snow has not pleaded any independent tort that gives rise to an injury distinct from the breach of contract.

More to the point, even the amended complaint itself reflects that the two negligence claims are really claims for breach of warranty. Snow alleges an "implied warranty of merchantability" and that the purchase of the RV was "accompanied by express warranties" offered by Forest River to Plaintiff, which "were part of the basis of the bargain of Plaintiff's contract for purchase of the [RV]." [Am. Compl. at 4.] Snow alleges that Forest River failed to timely repair the RV "in accordance with the express and implied warranties," that despite attempted repairs "pursuant to their obligations under the express and implied warranties" the defendant failed to perform repairs "in a good and workmanlike manner within a reasonable time as set forth by Defendant's, Forest River, express limited warranty," and that Snow purchased the RV based upon

7

reasonable reliance on the warranties of Forest River. [*Id.* at 13, 14, 16.] Here, the damages sustained by Snow were purely economic. Regardless of how Snow pleads the claims against Forest River, they are at base breach of warranty claims.

**C.     Timeliness of the Contractual Claims**

Forest River's main argument is Snow's claims are untimely, so I turn to the statute of limitations. I fully recognize that statute of limitations is an affirmative defense and a complaint need not anticipate defenses and plead against them. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) (stating a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations). But sometimes a party can say too much in a complaint and when they do, they may well plead themselves out of court. *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("However . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense."). That is what has happened here.

As I mentioned before, federal courts sitting in diversity must follow the applicable statute of limitations of the forum. *Dixon v. Monaco Coach Corp.*, No. 3:07-cv-558 CAN, 2009 WL 187837, at *2 (N.D. Ind. Jan. 27, 2009) (citing *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 707 (7th Cir. 2004)). The statute of limitations for breach of contract in

Indiana is four years from the delivery of the product. Ind. Code § 26-1-2-725(1).[1] But the statute also provides "[b]y the original agreement the parties may reduce the period of limitation to not less than one (1) year, but may not extend it." *Id.* That is exactly what happened in this case - the parties reduced the statute of limitations.

Forest River's limited warranty established that the warranty period was for one year and "[n]o action to enforce express or implied warranties shall be commenced later than ninety (90) days after expiration of the Warranty Period." [DE 20-1 at 1.] So Snow had one year and ninety days from the date of purchase (March 5, 2016), in which to file an action to enforce the terms of the limited warranty. The warranty expired on March 5, 2017, and Snow had ninety days after the expiration of the warranty period (or until Monday June 5, 2017), to file his breach of contract claims. Even if the claims in the amended complaint were found to relate back to the original complaint (filed on February 20, 2018), the claims would still have been filed about 8 months too late. As such, the claims are untimely.

This case is analogous to *Dixon*, a similar RV case where the warranty also provided the time to sue was one year and ninety days after the date of delivery. 2009 WL 187837, at *2-3. The Court held in that case that the complaint was untimely, noting that Indiana Code § 26-1-2-725 expressly permits the shortening of the time to bring an action, and was not per se unconscionable. (*Id.* at *3.) In this case, the contractual

---

[1] I don't think the statute of limitations in Missouri could be applicable, but in any event, it has a similar statute which provides that any action for breach of contract of sale must be commenced within four years, and the parties may reduce the period of limitation to not less than one year by the original agreement. V.A.M.S. § 400.2-725(1).

claims are also barred by the time frame established by the warranty.

**D.     Revocation of Acceptance**

Finally, Forest River argues that the claim for revocation of acceptance (Count 6) is not a viable cause of action. Snow has no response to this argument, other than the knee-jerk reaction that it "is simply not true" that "the only cause of action any consumer can every [sic.] bring against [Forest River] is a 'breach of warranty' claim regardless of the individual facts of each case." [DE 21 at 12.]

State law provides the applicable damages for breach of limited warranties. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004). Federal courts sitting in diversity in this circuit have held that revocation of acceptance and return of all money paid is not an available remedy to a plaintiff in a lawsuit against the manufacturer of an RV. *See, e.g., Pizel v. Monaco Coach Corp.*, 364 F.Supp.2d 790, 794-95 (N.D. Ind. 2005) (holding right of revocation only intended against a seller and not a remote manufacturer); *Skodras v. Gulf Stream Coach, Inc.*, No. 3:08-cv-441, 2010 WL 145370, at *3-5 (N.D. Ind. Jan. 8, 2010) (collecting cases, and holding contract privity is required for a purchaser to revoke a contract against a remote manufacturer).

While it seems this issue has not been interpreted under Missouri law, Snow has not advanced any argument on the availability of revocation of acceptance or the applicable law for that cause of action, and has therefore waived the matter. *See Haywood v. Novartis Pharms. Corp.*, No. 2:15-CV-373, 2016 WL 5394462, at *5 (N.D. Ind. Sept. 27, 2016) (finding failure to respond to an argument in a motion to dismiss results

10

in waiver); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Regardless, there is no reason to think that Missouri law might come out differently. Missouri's version of the U.C.C. with respect to this remedy is nearly identical to the many other state and federal courts which have adopted this theory. *V.A.M.S. § 400.2-313-15; see generally Voytovich v. Bangor Punta Operations, Inc.*, 494 F.2d 1208, 1211 (6th Cir. 1974); *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1200 (N.D. Ga. 2005); *AG Connection Sales, Inc. v. Greene County Motor Co.*, No. 08-4068-JAR, 2008 WL 4329941, at *3-5 (D. Kan. 2008); *Kutzler v. Thor Indus. Inc.*, No. 03 C 2389, 2003 WL 21654260, at *6 (N.D. Ill. 2003). Therefore, the claim for revocation of acceptance is also dismissed.

E. **Request to Conduct Discovery and Possibly Amend the Complaint Again**

Snow suggests that discovery should be completed in this case, he may uncover further facts against Forest River, and again seek leave of court to amend his complaint another time. [DE 21 at 12.] Snow already amended his complaint once (after seeing Forest River's arguments in support of dismissal). Ruling on the motion to dismiss is entirely proper at this point in time, as Snow's contractual claims are clearly time barred and revocation of acceptance is not an available remedy. As the Seventh Circuit found in *Doermer v. Callen*, 847 F.3d 522, 528 (7th Cir. 2017), it is not appropriate to ask for leave to amend in the final paragraph of a brief, without offering explanation as to how revisions might correct the identified deficiencies, or submitting a proposed amended complaint. I am comfortable that any amendment would be futile, and that additional discovery cannot save Snow's claims against Forest River.

11

## Conclusion

For the reasons set forth above, the motion to dismiss [DE 19] will be GRANTED as to Forest River on Counts 3, 4, 5 and 6, and these claims are DISMISSED WITH PREJUDICE as to Defendant Forest River. Additionally, the Clerk is ORDERED to dismiss Forest River from this case. The claims against William Colaw, individually and doing business as Colaw RV Parts, REMAIN PENDING.

**SO ORDERED**.

ENTERED: December 7, 2018.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**